UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IMUENTINYAN FRANK OSAYI, ) | |
| Beneficiary of a visa petition filed by ) | |
| Barbara Earlene Osayi, ET AL., ) | |
| ) | CIVIL ACTION NO. |
| Plaintiffs, ) | |
| ) | 3:15-CV-2439-G |
| VS. ) | |
| ) | |
| LORETTA LYNCH, U.S. Attorney ) | |
| General, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants to dismiss the claims of the plaintiffs Imuetinyan Frank Osayi and Barbara Osayi pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). For the reasons stated below, the motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) is denied, and the court will convert the motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) to a motion for summary judgment.

I.  BACKGROUND

Barbara Osayi is a United States citizen. Complaint ¶ 12 (docket entry 17). Imuetinyan Frank Osayi is a native of Nigeria. Defendants' Brief in Support of Their Motion to Dismiss the Complaint ("Motion") at 1 (docket entry 27).

On October 11, 2006, Barbara Osayi and Imuetinyan Frank Osayi married. Complaint ¶ 1. Imuetinyan Frank Osayi previously had been married to Ikechiuka Beatrice Osayi, a noncitizen, with whom he has two children. Motion at 1.

Imuetinyan Frank Osayi sought lawful permanent resident status on the basis of his marriage to Barbara Osayi, a United States citizen. Motion at 2. To that end, Barbara Osayi filed three Form I-130 petitions with the United States Citizenship and Immigration Services ("USCIS") on behalf of Imuetinyan Frank Osayi. *Id*.

On December 7, 2007, Barbara Osayi filed the first I-130 petition. Complaint ¶ 12. In June 2008, USCIS interviewed the Osayis and found inconsistencies in their testimony. Motion at 2. USCIS subsequently gave Barbara Osayi a chance to reconcile these inconsistencies. *Id*. On May 30, 2009, USCIS denied the petition and held that "Mrs. Osayi failed to meet her burden of proving the bona fides of her marriage and concluded that the couple entered into the marriage to evade immigration law." *Id*. at 2; *see also* Complaint ¶ 20. On June 29, 2009, Barbara Osayi filed an appeal of this decision to the Board of Immigration Appeals ("BIA"), she but later withdrew her appeal. Motion at 2; Complaint ¶¶ 21, 31.

On November 2, 2009, Barbara Osayi filed the second I-130 petition. Complaint ¶ 22. In March of 2010, USCIS again interviewed the Osayis and found inconsistencies in their testimony. Motion at 2-3. On November 23, 2010, USCIS denied Barbara Osayi's second petition. *Id*. at 3; Complaint ¶ 24. On December 23,

2010, Barbara Osayi filed an appeal of this decision to the BIA. *Id*. ¶ 25. USCIS then reopened the case but ultimately denied the petition on March 4, 2011. Motion at 3; Complaint ¶ 26. On April 5, 2011, Barbara Osayi filed another appeal with the BIA based on this second denial of her second petition, but she later withdrew this appeal. Motion at 3; Complaint ¶¶ 27, 31.

On May 24, 2011, Barbara Osayi filed a third I-130 petition. Complaint ¶ 28. On September 7, 2011, USCIS approved the petition without an interview. Motion at 3; Complaint ¶ 29. Thereafter, USCIS interviewed the Osayis and affirmed approval of the third petition in December of 2011. Motion at 3. On June 29, 2013, USCIS issued a Notice of Intent to Revoke Petition Three "after an investigation and site visits conducted in 2012 and 2013 revealed numerous discrepancies in the Osayis' sworn testimony and submissions to USCIS." *Id*.; *see also* Complaint ¶ 36. On September 7, 2013, USCIS revoked Barbara Osayi's third petition "concluding that Mrs. Osayi did not meet her burden of proving the bona fides of her marriage and that it was 'established for the sole purpose of evading immigration laws.'" Motion at 3. For example, USCIS discovered that Imuetinyan Frank Osayi in fact had continued to reside with his ex-wife. *Id*. at 4. Barbara Osayi appealed this decision to the BIA. *Id*. The BIA dismissed Barbara Osayi's appeal and held that USCIS's revocation was based on good and sufficient cause. *Id*.

The Osayis challenge the BIA's decision to affirm USCIS's revocation of Barbara Osayi's third petition and assert claims under the Administrative Procedures Act, 5 U.S.C. § 500, *et seq.* ("APA") and Fourteenth Amendment to the United States Constitution. *See generally* Complaint. The defendants move to dismiss these claims pursuant to FED. R. CIV. P. 12(b)(1) and (12)(b)(6). Neither Imuetinyan Frank Osayi nor Barbara Osayi responded to the motion.

## II. ANALYSIS

### A. Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. See *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994); *Owen Equipment and Erection Company v. Kroger*, 437 U.S. 365, 374 (1978). A federal court may exercise jurisdiction over cases only as expressly provided by the Constitution and laws of the United States. *See* U.S. CONST. art. III §§ 1-2; see also *Kokkonen*, 511 U.S. at 377. Federal law gives the federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Moreover, a party seeking relief in a federal district court bears the burden of establishing the subject matter jurisdiction of that court. *United States v. Hays*, 515 U.S. 737, 743 (1995); *McNutt v. General Motors Acceptance Corporation of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Langley v. Jackson State University*, 14 F.3d 1070, 1073 (5th Cir.), *cert. denied*, 513 U.S. 811 (1994).

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter. *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted). On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992). In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413). Once jurisdiction is challenged, the burden rests upon the party seeking to invoke the court's jurisdiction to prove that

jurisdiction is proper. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 516 U.S. 1071.

The plaintiffs assert that this court has jurisdiction to review their case pursuant to the Mandamus Act, 28 U.S.C. § 1361, Declaratory Judgment Act, 28 U.S.C. § 2201, the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(1), and federal question jurisdiction under 28 U.S.C. § 1331. Complaint ¶ 9.

The federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "The federal Declaratory Judgment Act . . . does not create a substantive cause of action"; rather, a declaratory judgment action is purely a "vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, No. 3:08-CV-1658-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (Fitzwater, Chief J.) (internal quotations and citations omitted). The act imposes no duty to declare rights. *Id.* Instead, it provides "[f]ederal courts [with] broad discretion to grant or refuse a declaratory judgment." *Id.*

The Mandamus Act vests courts with original jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to

the plaintiff." 28 U.S.C. § 1361. The remedy of mandamus is generally viewed as "a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court*, 426 U.S. 394, 402 (1976). Mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt. *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992) (internal quotation and citations omitted).

Because this court's jurisdiction is proper under 28 U.S.C. § 1331, the defendants' motion to dismiss the plaintiffs' claims pursuant to FED. R. CIV. P. 12(b)(1) is denied. The court will entertain further briefing on applicability of the Declaratory Judgment Act and the Mandamus Act to this case when it considers the defendants' motion for summary judgment. See *infra*.

### B. Motion to Dismiss Pursuant to Rule 12(b)(6)

FED. R. CIV. P. 12(b)(6) authorizes dismissal of a complaint "for failure to state a claim upon which relief can be granted." "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). "To survive a 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544,

570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citation, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. By Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

Under FED. R. CIV. P. 12(d), "[i]f, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." In ruling on the defendants' motion, the court will consider matters outside the pleadings. The court thereby converts the defendants' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) to a motion for summary judgment.

## III.  CONCLUSION

For the reasons discussed, the defendants' motion to dismiss plaintiffs' claims for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) is **DENIED**.  The court converts the defendants' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) to a motion for summary judgment.  The plaintiffs shall electronically file their response to the motion for summary judgment no later than **December 29, 2016**.  The defendants shall electronically file their reply no later than **January 12, 2017**.

   **SO ORDERED.**

December 8, 2016.

_____
**A. JOE FISH**
**Senior United States District Judge**