UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IMUETINYAN FRANK OSAYI, | ) | |
| Beneficiary of a visa petition filed by | ) | |
| Barbara Earlene Osayi, ET AL., | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiffs, | ) | |
| | ) | 3:15-CV-2439-G |
| VS. | ) | |
| | ) | |
| LORETTA LYNCH, U.S. Attorney | ) | |
| General, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

On October 7, 2016, the defendants moved to dismiss the claims of the

plaintiffs Imuetinyan Frank Osayi and Barbara Osayi (collectively, "the Osayis")

pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) (docket entry 27).  On

December 8, 2016, this court denied the motion to dismiss pursuant to FED. R. CIV.

P. 12(b)(1) and converted the motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6)

to a motion for summary judgment (docket entry 29).  Before the court is the

defendants' motion for summary judgment.  For the reasons stated below, the motion

is granted.

## I.  BACKGROUND

In its Memorandum Opinion and Order dated December 8, 2016 (docket entry 29), the court recited the following facts:

Barbara Osayi is a United States citizen.  Complaint ¶ 12 (docket entry 17). Imuetinyan Frank Osayi is a native of Nigeria.  Defendants' Brief in Support of Their Motion to Dismiss the Complaint ("Motion") at 1 (docket entry 27).

On October 11, 2006, Barbara Osayi and Imuetinyan Frank Osayi married. Complaint ¶ 1.  Imuetinyan Frank Osayi previously had been married to Ikechiuka Beatrice Osayi, a noncitizen, with whom he has two children.  Motion at 1.

Imuetinyan Frank Osayi sought lawful permanent resident status on the basis of his marriage to Barbara Osayi, a United States citizen.  *Id.* at 2.  To that end, Barbara Osayi filed three Form I-130 petitions with the United States Citizenship and Immigration Services ("USCIS") on behalf of Imuetinyan Frank Osayi.  *Id.*

On December 7, 2007, Barbara Osayi filed the first I-130 petition.  Complaint ¶ 12.  In June 2008, USCIS interviewed the Osayis and found inconsistencies in their testimony.  Motion at 2.  USCIS subsequently gave Barbara Osayi a chance to reconcile these inconsistencies.  *Id.*  On May 30, 2009, USCIS denied the petition and held that "Mrs. Osayi failed to meet her burden of proving the bona fides of her marriage and concluded that the couple entered into the marriage to evade immigration law."  *Id.* at 2; *see also* Complaint ¶ 20.  On June 29, 2009, Barbara Osayi

filed an appeal of this decision to the Board of Immigration Appeals ("BIA"), she but later withdrew her appeal.  Motion at 2; Complaint ¶¶ 21, 31.

On November 2, 2009, Barbara Osayi filed the second I-130 petition. Complaint ¶ 22.  In March of 2010, USCIS again interviewed the Osayis and found inconsistencies in their testimony.  Motion at 2-3.  On November 23, 2010, USCIS denied Barbara Osayi's second petition.  *Id.* at 3; Complaint ¶ 24.  On December 23, 2010,  Barbara Osayi filed an appeal of this decision to the BIA.  *Id.* ¶ 25.  USCIS then reopened the case but ultimately denied the petition on March 4, 2011. Motion at 3; Complaint ¶ 26.  On April 5, 2011, Barbara Osayi filed another appeal with the BIA based on this second denial of her second petition, but she later withdrew this appeal.  Motion at 3; Complaint ¶¶ 27, 31.

On May 24, 2011, Barbara Osayi filed a third I-130 petition.  Complaint ¶ 28. On September 7, 2011, USCIS approved the petition without an interview.  Motion at 3; Complaint ¶ 29.  Thereafter, USCIS interviewed the Osayis and affirmed approval of the third petition in December of 2011.  Motion at 3.  On June 29, 2013, USCIS issued a Notice of Intent to Revoke Petition Three "after an investigation and site visits conducted in 2012 and 2013 revealed numerous discrepancies in the Osayis' sworn testimony and submissions to USCIS."  *Id.*; *see also* Complaint ¶ 36. On September 7, 2013, USCIS revoked Barbara Osayi's third petition "concluding that Mrs. Osayi did not meet her burden of proving the bona fides of her marriage

and that it was 'established for the sole purpose of evading immigration laws.'"

Motion at 3.  For example, USCIS discovered that Imuetinyan Frank Osayi in fact

had continued to reside with his ex-wife.  *Id.* at 4.  Barbara Osayi appealed this

decision to the BIA.  *Id.*  The BIA dismissed Barbara Osayi's appeal and held that

USCIS's revocation was based on good and sufficient cause.  *Id.*

The Osayis challenge the USCIS's revocation of Barbara Osayi's third petition

and BIA's decision to affirm that revocation and assert claims under the

Administrative Procedures Act, 5 U.S.C. § 500, *et seq.* ("APA"), and Fourteenth

Amendment to the United States Constitution.  *See generally* Complaint.  Lastly, the

Osayis seek declaratory and mandamus relief.  *Id.*

## II. ANALYSIS

### A. Evidentiary Burdens on Motion for Summary Judgment

Summary judgment is proper when the pleadings and evidence on file show

that no genuine issue exists as to any material fact, and that the moving parties are

entitled to judgment as a matter of law.  FED. R. CIV. P. 56.[1]  "[T]he substantive law

will identify which facts are material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986).  The movants make such a showing by informing the court of the basis

---

[1]      The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive."  *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

of their motion and by identifying the portions of the record which reveal there are

no genuine material fact issues.  See *Celotex Corporation v. Catrett*, 477 U.S. 317, 323

(1986).  Once the movants make this showing, the nonmovants must then direct the

court's attention to evidence in the record sufficient to establish that there is a

genuine issue of material fact for trial.  *Id.* at 323-24.  To carry this burden, the

opponents must do more than simply show some metaphysical doubt as to the

material facts.  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475

U.S. 574, 586 (1986).  Instead, they must show that the evidence is sufficient to

support a resolution of the factual issue in their favor.  *Anderson*, 477 U.S. at 249.  All

of the evidence must be viewed, however, in a light most favorable to the motion's

opponents.  *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59

(1970)).

## B. APA

Under the APA, "[a] person suffering legal wrong because of agency action, or

adversely affected or aggrieved by agency action within the meaning of a relevant

statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  The APA mandates

that a reviewing court "set aside agency action, findings, and conclusions found to be

. . . unsupported by substantial evidence."  *Id.* § 706(2)(E).  The "substantial

evidence" standard requires a court "to ensure only that the [agency]'s decision is

supported by record evidence and is substantially reasonable."  *Alaswad v. Johnson*,

574 Fed. Appx. 483, 485 (5th Cir. 2014) (per curiam) (citation omitted).

Additionally, a "reviewing court shall . . . hold unlawful and set aside agency action,

findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion,

or otherwise not in accordance with law." *Id.* § 706(2)(A); *Defensor v. Meissner*, 201

F.3d 384, 386 (5th Cir. 2000).  The Fifth Circuit has explained that an agency's

action is arbitrary and capricious

> "if the agency has relied on factors which Congress has not
> intended it to consider, entirely failed to consider an
> important aspect of the problem, offered an explanation for
> its decision that runs counter to the evidence before the
> agency, or is so implausible that it could not be ascribed to
> a difference in view or the product of agency expertise."

*Luminant Generation Company, L.L.C. v. United States Environmental Protection Agency*,

675 F.3d 917, 925 (5th Cir. 2012) (quoting *Texas Oil and Gas Association v.*

*Environmental Protection Agency*, 161 F.3d 923, 955 (5th Cir. 1998)).

The scope of review of agency actions under Section 706(2)(A) is "very

narrow."  *Delta Foundation, Inc. v. United States*, 303 F.3d 551, 563 (5th Cir. 2002)

(quoting *Louisiana v. Verity*, 853 F.2d 322, 327 (5th Cir. 1988)).  "The court's role is

not to weigh the evidence pro and con but to determine whether the agency decision

'was based on a consideration of the relevant factors and whether there was a clear

error of judgment.'"  *Id.* (quoting *Louisiana*, 853 F.2d at 327).  "Thus, if the agency

considers the factors and articulates a rational relationship between the facts found

and the choice made, its decision is not arbitrary and capricious."  *Id.* (quoting *Harris*

*v. United States*, 19 F.3d 1090, 1096 (5th Cir. 1994)).  "The 'agency's decision need

not be ideal, so long as it is not arbitrary or capricious, and so long as the agency gave

at least minimal consideration to relevant facts contained in the record.'"  *Id.*

(quoting *Motor Vehicle Manufacturers Association v. State Farm Mutual Automobile

Insurance Company*, 463 U.S. 29, 43 (1983)).  Thus, in order to obtain reversal of the

decisions regarding the third petition by the USCIS and the BIA, the Osayis "must

show that the evidence . . . must not merely support the alien's conclusion but must

compel it."  *Silwany-Rodriguez v. Immigration and Naturalization Service*, 975 F.2d 1157,

1160 (5th Cir. 1992).

　　　After reviewing the record, the court concludes that the USCIS did not act

arbitrarily or capriciously in its decision to revoke Barbara Osayi's third petition, and

that the BIA acted neither arbitrarily nor capriciously when it affirmed USCIS's

revocation of Barbara Osayi's third petition.[2]  Moreover, the court finds these

---

[2]　　The Osayis also seek a declaratory judgment that USCIS and BIA acted arbitrarily and capriciously, as well as mandamus relief.  Complaint ¶ 9.  The Declaratory Judgment Act gives federal courts the power to "declare the rights and other legal relations of any interested party seeking such declaration. . . ."  28 U.S.C. § 2201(a).  The Mandamus Act vests courts with original jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  Because the court has ruled that USCIS and the BIA did not act arbitrarily and capriciously, the plaintiffs' claim for declaratory judgment is denied.  Similarly, because the plaintiffs have asserted a request for relief under the APA, they are not entitled to a writ of mandamus.  See *Cardenas v. Napolitano*, No. CIV. A. 08-CV-459-KC, 2010 WL 1544367, at *3 (W.D. Texas April 15, 2010).  Accordingly, the court grants the defendants' motion for

(continued...)

decisions were supported by substantial evidence.  Accordingly, the defendants'

motion for summary judgment on the plaintiffs' APA claim is granted.

C.  <u>Due Process</u>

The Osayis contend that the USCIS and the BIA violated their due process

rights under the Fourteenth Amendment of the United States Constitution.

Complaint ¶¶ 9, 57, 58.  The Fourteenth Amendment provides that no state shall

deprive any person of due process or equal protection of the laws.  *See* U.S. CONST.

amend. XIV, § 1.  It does not provide a cause of action against federal agencies or

persons acting under color of federal law.  The plaintiffs do not assert constitutional

violations or unlawful conduct by a state government or state actors.  See *Shelley v.*

*Kraemer*, 334 U.S. 1, 13 (1948).  Thus, to the extent that the plaintiffs seek relief

under the Fourteenth Amendment, the defendants' motion for summary judgment on

that claim is granted.

III.  <u>CONCLUSION</u>

For the reasons discussed, the defendants' motion for summary judgment is

**GRANTED**.

---

[2](...continued)
summary judgment on the plaintiffs' claim for a writ of mandamus.

**SO ORDERED**.

January 31, 2017.

_A. Joe Fish_

A. JOE FISH
**Senior United States District Judge**